(April 20, 1993)

■ In the Matter of HAROLD M. COHEN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [598 NYS2d 741] —Per Curiam. Respondent, a New Jersey attorney, was admitted to practice by this Court on October 23, 1984.

By order of the New Jersey Supreme Court dated December 22, 1992, respondent was disbarred in that State by consent.

Petitioner, the Committee on Professional Standards, moves to impose reciprocal discipline upon respondent, pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19). Respondent has made no reply to the motion.

Respondent consented to disbarment in the State of New Jersey after a special master and that State's disciplinary review board concluded that he had knowingly, willfully, and without excuse or justification, converted to his personal use $55,350 in client funds entrusted to him and placed in his escrow account.

In view of respondent's disbarment in the State of New Jersey, and his failure to appear upon or oppose the instant application, petitioner's motion is granted. It is further determined that the ends of justice will be served by imposing the same discipline in this State as was imposed in the State of New Jersey (see, e.g., Matter of Kenderian, 166 AD2d 736). Therefore, respondent is hereby disbarred, effective immediately.

Yesawich Jr., J. P., Levine, Mercure, Crew III and Mahoney, JJ., concur. Ordered that petitioner's motion be and hereby is granted; and it is further ordered that, respondent, Harold M. Cohen, who was admitted as an attorney and counselor-at-law by this Court on October 23, 1984, be and

hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the Rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.