(March 15, 1994)

■ In the Matter of LAWRENCE SCHECHTERMAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [612 NYS2d 956] —Per Curiam. Respondent was admitted to practice by this Court on November 17, 1980. He has maintained an office for the practice of law in Florida, where he was admitted in 1983.

By order dated November 10, 1993, the Supreme Court of Florida granted a petition for emergency suspension of respondent filed by the Florida Bar.

Petitioner, the Committee on Professional Standards, has moved pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19) for an order reciprocally disciplining respondent.

Based upon the emergency suspension imposed by the Supreme Court of Florida, the serious allegations of substantial trust fund shortages and misappropriation contained in the petition for emergency suspension, and respondent's admission to trust account shortages in his response to the petition, we find that respondent is guilty of professional misconduct immediately threatening the public interest. Based upon such finding, we conclude that respondent should be suspended until the disciplinary matter in Florida is concluded and until further order of this Court (see, 22 NYCRR 806.4 [f]). We also note respondent's consent to such interim suspension.

Cardona, P. J., Mikoll, Mercure, Crew III and Peters, JJ.,

concur. Ordered that respondent is hereby suspended as an attorney and counselor-at-law, effective immediately, pending conclusion of the Florida disciplinary proceeding and until further order of this Court; and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys, a copy of which section is attached hereto.