■ In the Matter of RICHARD M. PISACANE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [632 NYS2d 986] —Per Curiam. Respondent was admitted to practice by this Court in 1982. He was admitted to the New Jersey Bar in 1969. He has maintained an office and residence in New Jersey.

By order of the Supreme Court of New Jersey dated July 12,

1995, respondent was "immediately temporarily suspended from the practice of law". Petitioner, the Committee on Professional Standards, advises that after respondent failed to make an appearance on September 12, 1995, the New Jersey Supreme Court continued the temporary suspension in an order from the Bench.

Petitioner moves to reciprocally discipline respondent. Respondent has not appeared on the motion.

It appears from the papers submitted by the New Jersey disciplinary authorities to the New Jersey Supreme Court in support of the emergency temporary suspension that respondent misappropriated $16,000 from one client, is under investigation for misappropriation of $805,000 from another client, and is accused of having failed to fully cooperate with the New Jersey disciplinary authorities. In August 1994, respondent entered into a consent judgment settling a suit by the clients whom he allegedly defrauded of $805,000. The consent judgment, in which respondent neither admitted nor denied the allegations, required respondent to pay the $805,000 plus an additional $106,000 in legal fees and interest. The court also granted plaintiffs' request for appointment of a receiver for respondent's law practice.

Based upon the continuing temporary suspension imposed by the Supreme Court of New Jersey and the serious allegations of conversion submitted to that court, we find respondent guilty of professional misconduct immediately threatening the public interest. Based upon such finding, we conclude that respondent should be suspended from practice until the pending disciplinary matters in New Jersey are concluded and until further order of this Court (see, Matter of Schechterman, 202 AD2d 788; 22 NYCRR 806.4 [f]; 806.19).

Mercure, J. P., Crew III, White, Casey, and Yesawich Jr., JJ., concur. Ordered that petitioner's motion to impose reciprocal discipline be and hereby is granted; and it is further ordered that respondent be and hereby is suspended from practice, effective immediately, until the pending disciplinary matters in New Jersey are concluded and until further order of this Court; and it is further ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered

that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.