■ In the Matter of DENNIS M. BARLOW, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [632 NYS2d 988] —Per Curiam. Respondent was admitted to practice by this Court on November 23, 1982. He was admitted to the New Jersey Bar in 1976. By order dated May 19, 1995, the Supreme Court of New Jersey disbarred respondent, effective that date.

Petitioner, the Committee on Professional Standards, moves for an order imposing reciprocal discipline upon respondent (see, 22 NYCRR 806.19). Although the order to show cause was served on respondent on August 8, 1995, by certified mail, return receipt requested, and was made returnable August 28, 1995, respondent has made no reply.

It appears from the opinion of the Supreme Court of New Jersey and the reports it relied upon that respondent converted client funds. During the course of handling real estate transactions on behalf of two clients, respondent retained in his trust account some $2,894.94 which he was supposed to use to pay title insurance and surveyor bills on behalf of the clients. Instead, respondent transferred the funds to his general business account, which then had a negative balance, and thereafter used the moneys to pay personal and business bills until the account again went into negative balance. Respondent eventually (after a significant delay) paid the title insurance and surveyor bills out of other funds. Respondent's misappropriation was discovered because of a routine random audit. The New Jersey Supreme Court found respondent guilty of record keeping violations, gross neglect in failing to safeguard client funds, and knowing misappropriation of client funds.

In view of respondent's disbarment in the State of New Jersey and his failure to appear upon or oppose the instant application, we grant petitioner's motion. We further find that the ends of justice will be served by imposing the same discipline in this State as was imposed in New Jersey, i.e., disbarment (see, e.g., Matter of Cohen, 192 AD2d 874).

Cardona, P. J., Mikoll, White, Yesawich Jr., and Peters, JJ., concur. Ordered that petitioner's motion to impose reciprocal discipline upon respondent be and is hereby granted; and it is further ordered that respondent be and is hereby disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective im-

mediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the Rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.