■ In the Matter of RICHARD M. PISACANE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [657 NYS2d 832] —Per Curiam. Respondent was admitted to practice by this Court in 1982.

By decision dated October 31, 1995, and upon motion of petitioner, the Committee on Professional Standards, we reciprocally suspended respondent who, by order of the Supreme Court of New Jersey dated July 12, 1995, had been " 'immediately temporarily suspended from the practice of law' " (Matter of Pisacane, 220 AD2d 981). This Court's suspension, which has remained in effect to date, was to continue until the pending disciplinary matters in New Jersey were concluded and until further order of this Court.

The pending disciplinary matters in New Jersey have been concluded and respondent has been found guilty in that jurisdiction of serious professional misconduct, including knowing misappropriation of clients' funds amounting to approximately $1,500,000, according to the decision of the disciplinary board of the Supreme Court of New Jersey. By order dated March 18, 1997, the Supreme Court of New Jersey disbarred respondent, effective immediately.

We grant petitioner's motion for the imposition of reciprocal discipline (see, 22 NYCRR 806.19) and conclude that the ends of justice will be served by disbarring respondent in this State, effective immediately (see, e.g., Matter of Barlow, 220 AD2d 983). Respondent has not appeared on or opposed the motion.

Cardona, P. J., Mercure, White, Peters and Carpinello, JJ.,

concur. Ordered that petitioner's motion to impose reciprocal discipline upon respondent be and hereby is granted; and it is further ordered that respondent be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.