(December 9, 1997)

■ In the Matter of STEPHEN APOLLO, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [665 NYS2d 732] —Per Curiam. By decision entered March 7, 1997 (*Matter of Apollo*, 237 AD2d 731), this Court temporarily suspended respondent from practice for an indefinite period after petitioner, the Committee on Professional Standards, moved to reciprocally suspend him because of his temporary suspension in New Jersey or, alternatively, to suspend respondent on the ground of mental incapacity. Respondent was admitted to practice in New Jersey in 1967 and has maintained his law office in that jurisdiction. He was admitted to practice in New York by this Court in 1983.

Petitioner now moves to reciprocally discipline respondent based upon his subsequent disbarment upon consent in New Jersey. Respondent opposes the motion and has been heard in mitigation.

In his June 1997 consent to disbarment in New Jersey, re-

spondent acknowledged that he could not successfully defend himself against charges pending in either a September 1996 or April 1997 complaint of complex misconduct. Both complaints charged respondent with knowingly misappropriating substantial amounts of client funds. Under such circumstances, we conclude that the imposition of reciprocal discipline would not be unjust (22 NYCRR 806.19 [c]; *see, e.g., Matter of Taub*, 217 AD2d 742; *Matter of Perrotta*, 201 AD2d 826; *Matter of Cohen*, 192 AD2d 874).

In mitigation of his misconduct, respondent cites his community and *pro bono* work, restitution, the health problems he and his wife have endured during the relevant time period, and various letters vouching for his good character. Although we determine that the ends of justice will be served by imposing upon respondent the same discipline as was imposed in New Jersey, i.e., disbarment, we mitigate the penalty by making its effective date March 28, 1996, the effective date of respondent's original temporary suspension in New Jersey.

Mikoll, J. P., White, Yesawich, Jr., Peters and Carpinello, JJ., concur. Ordered that petitioner's motion for the imposition of reciprocal discipline is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective March 28, 1996; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred attorneys.