(September 14, 1993)

■ In the Matter of DAVID I. MOED, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [601 NYS2d 967] —Per Curiam. Respondent, a Florida attorney, was admitted to practice by this Court in 1987. By order dated January 14, 1993, the Supreme Court of Florida granted respondent's uncontested resignation petition and permitted him to resign from the Florida Bar in lieu of disciplinary proceedings and without leave to apply for readmission for five years (see, Fla Bar rule 3-7.12). Respondent's resignation was made in the face of pending complaints involving allegations of misappropriation of client funds which were being investigated by the Florida Bar.

Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19) by reason of his resignation from the Florida Bar. Respondent has filed a verified statement in opposition to petitioner's motion (see, 22 NYCRR 806.19 [b]) in which he states, inter alia, that he chose to resign instead of defending the Florida disciplinary charges because "I did not have the funds with which to mount a legal defense to these proceedings."

We deny petitioner's motion on the ground that the acceptance of respondent's resignation by the Supreme Court of Florida does not per se constitute "discipline" in a foreign jurisdiction upon which reciprocal discipline in this State may be based (see, 22 NYCRR 806.19 [a]). The resignation submitted by respondent contains no admission of misconduct and

the Florida Supreme Court made no finding of misconduct. In contrast, a disciplinary resignation in this Department requires the attorney to aver that "he does not contest the allegations of professional misconduct and recognizes that his failure to do so precludes him from asserting his innocence of the professional misconduct alleged" (22 NYCRR 806.8 [a] [5]). Moreover, a disciplinary sanction was not imposed by the Florida Supreme Court (compare, 22 NYCRR 806.5 [b] which requires entry of an order of disbarment when a disciplinary resignation is accepted by this Court). Accordingly, the prerequisite for the imposition of reciprocal discipline, namely the imposition of discipline by a foreign jurisdiction after a finding of misconduct, is lacking in this case.

The denial of petitioner's motion is without prejudice to its commencement of a disciplinary proceeding against respondent (see, 22 NYCRR 806.5) and the making of a motion for an order of suspension pending determination of such proceeding (see, 22 NYCRR 806.4 [f]) if petitioner be so advised.

Yesawich Jr., J. P., Levine, Mercure, Crew III and Mahoney, JJ., concur. Ordered that petitioner's motion pursuant to section 806.19 of this Court's rules (22 NYCRR 806.19) is denied.