[644 NYS2d 1011]

In the Matter of ROBERT M. JASINSKI (Admitted as ROBERT MICHAEL JASINSKI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 22, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Usher Byrn,* Aventura, Florida, for respondent.

### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of Florida, dated October 12, 1995, the respondent's resignation from the Florida State Bar

was accepted, in lieu of disciplinary proceedings, effective nunc pro tunc to June 18, 1992, and with leave to seek readmission after five years.

On May 2, 1996, the respondent was served with a notice pursuant to 22 NYCRR 691.3, informing him of his right to interpose certain enumerated defenses to the imposition of reciprocal discipline in New York. The respondent neither raised any of the enumerated defenses nor demanded a hearing. In fact, the respondent failed to submit any response to the 22 NYCRR 691.3 notice.

The respondent's petition for disciplinary resignation from the Florida Bar noted that he was automatically suspended by order of the Florida Supreme Court, effective June 18, 1992, resulting from his plea of guilty to one count of perjury in an adoption hearing. Additionally, the respondent was the subject of a pending disciplinary investigation into the adoption files in his office, which were impounded by the Eleventh Judicial Circuit State Attorney's office after execution of a search warrant obtained by the Bar pursuant to a Grievance Committee subpoena. The respondent neither admitted nor denied misconduct in the handling of the impounded adoption files.

The respondent averred that he was not subjected to fear, coercion, or threat and acknowledged his responsibility for costs.

Under the circumstances of this case, the respondent is disbarred.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Robert M. Jasinski, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert M. Jasinski, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving

to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.