■ In the Matter of STEPHEN APOLLO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [654 NYS2d 477] —Per Curiam. Respondent was admitted to practice by this Court in 1983. He had been admitted in New Jersey in 1967, where he has maintained his law practice.

By consent order dated March 26, 1996, respondent was temporarily suspended from practice by the Supreme Court of New Jersey, pending full determination of all grievances and until further order of that court. After respondent was temporarily suspended, the New Jersey disciplinary authori-

ties brought a complaint of misconduct against him alleging substantial conversion of trust account funds. The allegations were based on a February 1996 audit of respondent's accounts.

The Committee on Professional Standards moves to reciprocally discipline respondent, pursuant to this Court's rules (22 NYCRR 806.19), or alternatively to suspend respondent on the ground of mental incapacity (*see*, 22 NYCRR 806.10 [a]). We deny the latter alternative because of lack of supporting evidence.

A prerequisite for the imposition of reciprocal discipline is the imposition of discipline by the foreign jurisdiction after a finding of misconduct (*Matter of Moed*, 196 AD2d 906). Here, there has been no finding of misconduct by New Jersey. Rather, respondent consented to a suspension after an audit and then charges were brought. Respondent disputes the charges and appears to challenge his consent. Under such circumstances, petitioner's motion is denied (*but see generally, Matter of Steinbach*, 228 AD2d 88; *Matter of Jasinski*, 223 AD2d 239; *Matter of Pisacane*, 220 AD2d 981).

In his papers, respondent consents to a temporary suspension because he is recovering from surgery and is not actively practicing in New York State. As an exercise of this Court's broad inherent powers of supervision of the Bar, and based upon the consent expressed by respondent, we order respondent's immediate suspension from the practice of law, for an indefinite period, and until further order of this Court (*see, e.g., Matter of Nussbaum*, 82 AD2d 719; *Matter of Anonymous*, 21 AD2d 48). Respondent may apply for termination of the temporary suspension by submission of medical proof that he has the physical capacity to resume the practice of law.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that petitioner's motion be and hereby is denied in its entirety; and it is further ordered that, pursuant to his consent, respondent be and hereby is temporarily suspended from the practice of law, for an indefinite period and until further order of this Court; and it is further ordered that, for the period of suspension, respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9)

of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.