■ In the Matter of SHELDON M. MARKEL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [744 NYS2d 581] —Per Curiam. Respondent was admitted to practice by this Court in 1958. In recent years, he maintained an office for the practice of law only in Nevada, where he is also an admitted attorney.

By order filed June 5, 2001, the Supreme Court of Nevada transferred respondent to disability inactive status, based upon a joint petition and stipulation by the State Bar of Nevada and respondent. According to the order, the parties stipulated that respondent "is presently incapacitated * * * from continuing to practice law." To be reinstated to practice in Nevada, respondent must show by clear and convincing evidence that his disability has been removed and that he is fit to resume the practice of law (*see,* Nevada Supreme Court Rules, rule 117). At the time of the transfer order, a disciplinary proceeding was pending against respondent in Nevada. By operation of rule of the Supreme Court of Nevada, the transfer order suspended the disciplinary proceeding (*id.*).

Petitioner moves for an order pursuant to this Court's rules suspending respondent indefinitely from the practice of law by reason of his suspension in Nevada or, alternatively, by reason of his affliction from mental illness or irresponsibility (*see,* 22

NYCRR 806.10 [a]; 806.19). Petitioner also contends that, alternatively, consistent with this Court's broad inherent powers of supervision of the bar, and based upon respondent's consent in Nevada, respondent may be immediately suspended from the practice of law in New York, for an indefinite period, in accordance with *Matter of Apollo* (237 AD2d 731). Respondent opposes the motion.

We conclude that it would be incongruous for this Court to allow respondent the continuing privilege of practicing law in this state while, at the same time, he is considered to be incapacitated from practicing law in Nevada (and presumptively elsewhere). Under the particular circumstances presented, and as an exercise of this Court's broad inherent powers of supervision of the bar, we order respondent's immediate suspension from the practice of law in this state until further order of this Court (*see, e.g., id.*). Upon any application for reinstatement, respondent shall make the showing required by this Court's rules (*see*, 22 NYCRR 806.12 [b]).

Mercure, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that petitioner's motion is granted on the ground set forth in this decision; and it is further ordered that respondent is suspended from the practice of law for an indefinite period, effective immediately, until further order of this Court; and it is further ordered that, for the duration of his suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provision of this Court's rules regulating the conduct of suspended attorneys (*see*, 22 NYCRR 806.9).