■ In the Matter of OSCAR W. WEEKES, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [798 NYS2d 920]—

Per Curiam. Respondent was admitted to practice by this Court in 2002 and admitted to practice in Massachusetts in 1988. He was employed as a corporate attorney in Massachusetts and entered active military duty with the United States Navy in January 2003.

On February 8, 2005, as the result of a complaint of professional misconduct, an order was entered by the Supreme Judicial Court for Suffolk County, Commonwealth of Massachusetts, temporarily suspending respondent, by consent, pending a full disciplinary proceeding and further order of that court.

Petitioner now moves to reciprocally discipline respondent pursuant to this Court's rules (see 22 NYCRR 806.19). Respondent's consent to a temporary suspension in Massachusetts was based upon his military commitment and unavailability for a full hearing. In his affidavit in response to this motion, respondent consents to a temporary suspension in this state pending resolution of the disciplinary proceeding in Massachusetts.

Under these circumstances, petitioner's motion is denied (see Matter of Apollo, 237 AD2d 731 [1997]). However, in view of his consent and this Court's broad inherent powers of supervision of the legal profession, we order respondent's temporary suspension from the practice of law, for an indefinite period and until further order of the Court (see Matter of Apollo, supra; Matter of Nussbaum, 82 AD2d 719 [1981]).

Spain, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is denied; and it is further ordered that respondent is temporarily suspended from the practice of law for an indefinite period and until further order of this Court; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further

ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).