■ In the Matter of STEPHEN J. DELEO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [799 NYS2d 326]—

Per Curiam. Respondent was admitted to practice by this Court in 1998 and maintains an office for the practice of law in Stamford, Connecticut.

By order issued March 15, 2005, the Connecticut Superior Court for the Judicial District of Stamford/Norwalk placed respondent on inactive status because of his incapacity to engage in the practice of law as a result of a disability caused by drug dependency.

Petitioner moves for an order reciprocally disciplining respondent due to his suspension in Connecticut (*see* 22 NYCRR 806.19) or, alternatively, suspending respondent by reason of his disability caused by drug dependency (*see* 22 NYCRR 806.10 [a]). Petitioner also contends that, consistent with this Court's broad inherent powers of supervision of the bar, and based upon the order in Connecticut finding respondent incapable of engaging in the practice of law by reason of his disability, respondent may be immediately suspended from the practice of law in New York for an indefinite period, in accordance with *Matter of Apollo* (237 AD2d 731 [1997]). Respondent has not appeared in opposition to petitioner's motion.

We conclude that it would be incongruous for this Court to allow respondent the continuing privilege of practicing law in this state while, at the same time, he is considered to be incapacitated from practicing law in Connecticut. Under these circumstances, and in the exercise of this Court's broad inherent powers to supervise the bar, we order respondent's immediate suspension from the practice of law in this state until further order of this Court (*see Matter of Markel*, 296 AD2d 653 [2002]).

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is granted on the grounds set forth in this decision; and it is further ordered that respondent is suspended from the practice of law for an indefinite period, effective immediately, until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that re-

spondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).