OPINION OF THE COURT
Philip G. Minardo, J.
Defendants’ pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) is granted.
*210 This action is brought as a class action on behalf of the named, plaintiff and all other similarly situated business entities (e.g., partnerships and limited liability companies) that are required by the County Clerks in the City of New York to publish legal notices of their formation or qualification to do business in the New York Law Journal which is published by the named defendants. It is claimed that the mandatory use of the Law Journal has created a de facto monopoly, allowing defendants to inflate the publication rates for business entities doing business within the City of New York (hereinafter the City). More particularly, it is alleged that the Law Journal charges $8.55 per line (with a 14 line minimum) to publish such notices for non-corporate businesses located within the counties constituting the City, as compared to a rate of $2.25 per line (with a 14 line minimum) for similar business entities located outside the City limits.
Plaintiff asserts four causes of action, claiming that defendants have (1) breached an implied contractual obligation to charge fair, reasonable and proportionate rates for its publication services (first cause of action), (2) violated their duty of good faith and fair dealing (second cause of action), (3) actively and openly charged discriminatory rates based on the location of a business (third cause of action), and (4) been unjustly enriched by charging excessive rates while operating as a de facto monopoly (fourth cause of action). Plaintiff seeks, inter alia, an injunction and punitive damages, alleging that it has been caused to suffer severe and irreparable harm as a result of defendants’ wrongful, unfair, discriminatory and unconscionable charging practices.
In moving to dismiss the complaint, defendants maintain that there is no statutory prohibition against charging different rates for advertising based on the customer’s location, and that the Legislature has never acted to regulate the rates for publication anywhere within the State of New York. In addition, defendants claim that any alleged pricing disparity does not render their clearly established business practice illegal. Defendants also dispute plaintiffs contention that the Law Journal has changed its rates since the commencement of this action to provide uniform pricing. In this regard, George Dillehay, the publisher of the Law Journal, attests in a reply affidavit that “[t]he rate structure did not change in any respect after this action was commenced” (emphasis added).
In considering a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the *211 factual averments in the complaint must be accepted as true, and the plaintiff accorded the benefit of every favorable inference. The question to be decided is whether the facts thus alleged fit within any cognizable theory of law (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Morone v Morone, 50 NY2d 481, 484 [1980]).
New York’s antitrust act, the Donnelly Act, states:
“Every contract, agreement, arrangement or combination whereby
“A monopoly in the conduct of any business, trade or commerce or in the furnishing of any service in this state, is or may be established or maintained, or whereby
“Competition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained . . .
“is hereby declared to be against public policy, illegal and void” (General Business Law § 340 [1]).
The Donnelly Act provides relief , if the seller of goods and commodities restrains trade through a bilateral “contract, agreement, arrangement or combination” (State of New York v Mobil Oil Corp., 38 NY2d 460, 462 [1976]). In this case, the plaintiff fails to state a cause of action within the scope of the Donnelly Act because there is no contract, agreement, arrangement or combination underlying the differences in advertising prices (see H.L. Hayden Co. of N.Y., Inc. v Siemens Med. Sys., Inc., 672 F Supp 724, 746 [SD NY 1987]; see also American Cyanamid Co. v Power Conversion, 71 Misc 2d 213, 217 [1972]). In addition, “differential prices have long been a familiar characteristic of our free enterprise system, never thought to be either immoral or unlawful” (State of New York v Mobil Oil Corp., 38 NY2d 460, 464 [1976]; TDK Elees. Corp. v M & A Enters., 172 AD2d 603 [2d Dept 1991]).
Plaintiffs allegations of breach of duty of “good faith and fair dealing”; “unconscionable trade practice” or “restrained competition” may more properly be directed against the County Clerk or the New York State Legislature in mandating publications be made only in defendants’ newspaper.
Accordingly, it is ordered that defendants’ motion to dismiss the complaint is granted.