■ NCJ Cleaners, LLC, Appellant, v ALM Media, Inc., et al., Respondents. [852 NYS2d 384]—

In a proposed class action, inter alia, to recover damages for breach of contract, the plaintiff NCJ Cleaners, LLC, appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated July 31, 2007, which granted the defendants' pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The plaintiff's complaint alleges that the defendants' publication, the New York Law Journal, charges higher rates for the publication of legal notices relating to the formation of partnerships, limited liability companies, and other business entities which are located in the City of New York compared to the rates charged for such entities located outside of the City of New York. Based upon these allegations, the plaintiff's complaint advances causes of action primarily based in breach of a service contract made for the publication of legal notices, and equitable remedies sounding in unjust enrichment.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.,* 5 NY3d 582, 590-591 [2005]; *Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Goldfarb v Schwartz,* 26 AD3d 462, 463 [2006]). However, bare legal conclusions are not presumed to be true and are not accorded every favorable inference (*see Morris v Morris,* 306 AD2d 449, 451 [2003]; *Doria v Masucci,* 230 AD2d 764, 765 [1996]).

Differential pricing unilaterally imposed by a seller of certain goods or services across geographic regions has "long been a familiar characteristic of our free enterprise system, never thought to be either immoral or unlawful" (*State of New York v Mobil Oil Corp.,* 38 NY2d 460, 464 [1976]).

While the various county clerks situated within the City of New York designate the defendants' newspaper as one of two for the publication of the legal notices at issue, the use of the defendants' newspaper as an officially-designated newspaper does not make the resulting absence of choice unconscionable. Such designation is pursuant to legislative authority (*see* Partnership Law § 91 [1] [b]; Limited Liability Company Law § 206 [a]).

Accordingly, the Supreme Court properly granted the defendants' pre-answer motion to dismiss the complaint.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Florio, Carni and Leventhal, JJ., concur. [*See* 17 Misc 3d 209 (2007).]