■ In the Matter of EVAN D. GAMM, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [880 NYS2d 204]—

Per Curiam. Respondent was admitted to practice by this Court in 2003. He practiced law in Connecticut, where he was admitted to the bar in 1992.

In August 2008, respondent, who was facing disciplinary charges in Connecticut, tendered his resignation from the bar in that state and waived the privilege of applying for readmission at any time in the future. The Connecticut Superior Court, Judicial District of Hartford, accepted respondent's resignation and waiver effective October 15, 2008 (*see* Conn Gen Stat Ann, Practice Book § 2-52). Petitioner moves for an order imposing reciprocal discipline based upon respondent's resignation from the Connecticut bar (*see* 22 NYCRR 806.19). Respondent opposes the motion.

We have previously held that the acceptance of an attorney's resignation in another state "does not per se constitute 'discipline' in a foreign jurisdiction upon which reciprocal discipline

in this state may be based" (*Matter of Moed*, 196 AD2d 906, 906 [1993]). Here, neither respondent's resignation nor Connecticut's acceptance of the same contained a specific admission or finding of misconduct and, given the paucity of the record in this regard, we are unable to assess respondent's culpability for the misconduct alleged. Accordingly, under the circumstances presented, we deny petitioner's motion.

Mercure, J.P., Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that petitioner's motion is denied.