OPINION OF THE COURT
Stephen A. Bucaria, J.
Motion by defendants LeSchack & Grodensky, EC. and Maurice Grodensky to withdraw their jury demands is granted.
Flaintiff National Grid Corporate Services, LLC is a public utility which distributes natural gas to residential and commercial customers. On December 23, 2003, National Grid entered into a legal services agreement with defendant LeSchack & Grodensky, EC. Among the legal services covered by the agreement were actions to recover possession of gas meters from customers who had failed to pay their bills over extended periods of time. These replevin actions were typically prosecuted in the New York City Civil Court and District Court in Nassau and Suffolk County. The legal services agreement covered the period January 1, 2004 through December 31, 2008. Fursuant to a memorandum of understanding dated December 17, 2008, the agreement was extended through June 30, 2009.
In January 2009, three of LeSchack & Grodensky’s attorneys left the firm. National Grid discharged LeSchack & Grodensky effective January 28, 2009, allegedly because it was concerned that the law firm would not be able to prosecute the replevin actions in a satisfactory manner. National Grid also accused LeSchack & Grodensky of failing to return its $150,000 filing fee fund, commingling the filing fee fund with other law firm accounts, and other ethical violations.
In June 2009, National Grid commenced an action against LeSchack & Grodensky (index No. 8330/09). In its first cause of action in the amended complaint, National Grid sought a declaratory judgment that it terminated the legal services agreement for cause and was under no obligation to pay compensation to LeSchack & Grodensky. In the second cause of action, National Grid sought a judgment representing a refund of unearned legal fees. In the third cause of action, asserted in the *979 alternative, National Grid sought a declaratory judgment that, if it terminated LeSchack & Grodensky without cause, its sole obligation was to pay the law firm in quantum meruit. National Grid also asserted causes of action for conversion, unjust enrichment, monies had and received, and breach of fiduciary duty.
In the action commenced by National Grid, LeSchack & Grodensky asserted a series of counterclaims. In the first counterclaim, LeSchack & Grodensky asserted a breach of contract claim for sums due under the legal services agreement. The second counterclaim, sounding in promissory estoppel, asserts that National Grid promised to hire LeSchack & Grodensky under a general retainer agreement. The third counterclaim is for breach of the implied covenant of good faith and fair dealing in the legal services agreement. The fourth counterclaim is for aiding and abetting breach of fiduciary duty. The fifth counterclaim is for a declaratory judgment that the memorandum of understanding constituted a general retainer agreement as a matter of law.
On September 23, 2010, LeSchack & Grodensky commenced an action against National Grid (index No. 18172/10). In its first cause of action, LeSchack & Grodensky sought a declaratory judgment that it was entitled to a retaining lien on all “final bill files” handled by the firm. “Final bill,” or collection, matters were handled pursuant to a November 1, 2007 “Collection Services Agreement” entered into between National Grid’s predecessor, Keyspan, and LeSchack & Grodensky. In the second cause of action, LeSchack & Grodensky sought an accounting with respect to payments made by customers directly to National Grid through the law firm’s efforts. In the third cause of action, plaintiff asserted a claim for breach of the collection services agreement. LeSchack & Grodensky also asserted claims for the reasonable value of its legal services and unjust enrichment.
By order of this court dated February 17, 2011, the actions were joined for trial. On November 14, 2012, the Appellate Division held that the memorandum of understanding was a general retainer and that, as a consequence, in connection with its third counterclaim, LeSchack & Grodensky is “not limited to recovery of their fees in quantum meruit” (National Grid Corporate Seros., LLC v LeSchack & Grodensky, P.C., 100 AD3d 721, 722 [2d Dept 2012]).
Meanwhile, on August 24, 2011, National Grid filed a note of issue, providing for trial without jury on index No. 8330/09. *980 LeSchack & Grodensky served a demand for jury trial with respect to National Grid’s action on August 29, 2011. LeSchack & Grodensky filed a note of issue, demanding trial by jury on index No. 18172/10, on September 11, 2012.
By order to show cause dated September 19, 2013, LeSchack & Grodensky moves to withdraw its jury demand with respect to each action. In opposition, National Grid argues that it relied upon LeSchack & Grodensky’s jury demands and that the firm cannot withdraw its demands without National Grid’s consent.
CPLR 4102 (c) provides that “[a] waiver [of the right to a jury] does not withdraw a demand for trial by jury without the consent of the other parties.” Nevertheless, National Grid need not consent to LeSchack & Grodensky’s withdrawal of its jury demand, if National Grid’s right to a jury trial in these action had already been waived, or if National Grid has no right to a jury trial in these actions.
CPLR 4102 (c) further provides that
“[a] party shall not be deemed to have waived the right to trial by jury of the issues of fact arising upon a claim, by joining it with another claim with respect to which there is no right to trial by jury and which is based upon a separate transaction; or of the issues of fact arising upon a counterclaim ... by asserting it in an action in which there is no right to trial by jury.”
In its complaint, National Grid joined claims for declaratory relief and unjust enrichment with its claim for breach of the legal services agreement. In order to determine whether a jury trial is available in a declaratory judgment action, the court must examine what traditional common-law action would most likely have been used to present the claim had declaratory judgment not been created by the legislature (Strachman v Palestinian Auth., 73 AD3d 124, 127 [1st Dept 2010]).
Had declaratory relief not been available, National Grid would most likely have obtained a determination as to whether it terminated LeSchack & Grodensky for cause by seeking an injunction, ordering the law firm to turn over all replevin and collection files, free of any retaining lien. Indeed, National Grid did in fact seek such relief by order to show cause dated November 16, 2010, in LeSchack & Grodensky’s final bill action. Since a preliminary injunction, ordering a law firm to turn over its files, is an equitable remedy, declaratory judgment is an equitable remedy in the context of the present action.
*981 National Grid’s claim for unjust enrichment is also an equitable remedy (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]; NCJ Cleaners, LLC v ALM Media, Inc., 48 AD3d 766 [2d Dept 2008]). The joinder by plaintiff of legal and equitable claims arising from the same transaction results in a waiver of the right to trial by jury with respect to the legal claims (Horizon Asset Mgt., LLC v Duffy, 106 AD3d 594 [1st Dept 2013]). All of National Grid’s claims in index No. 8330/09 relate to the legal services agreement. By joining legal and equitable claims arising from that agreement, National Grid waived its right to a jury trial with respect to its own action. Accordingly, defendants LeSchack & Grodensky, EC. and Maurice Grodensky’s motion to withdraw their jury demand with respect to index No. 8330/09 is granted.
The court will now consider whether National Grid is entitled to a jury trial with respect to LeSchack & Grodensky’s action (index No. 18172/10). Had declaratory judgment not been available, LeSchack & Grodensky would simply have brought an equitable proceeding to impress a retaining lien on its collection files. Thus, LeSchack & Grodensky’s claims for a declaratory judgment, an accounting, and unjust enrichment are all equitable in nature.
The only claim asserted by LeSchack & Grodensky, as to which National Grid arguably has a right to trial by jury, is LeSchack & Grodensky’s third cause of action for breach of the collection services agreement. Ironically, were the collection services agreement not a general retainer agreement, LeSchack & Grodensky would have been limited to recovery in quantum meruit, an equitable remedy. Because the collection services agreement is presumably a general retainer agreement, similar to the legal services agreement, LeSchack & Grodensky arguably may sue upon the agreement and obtain the legal remedy of damages for breach of contract (National Grid Corporate Servs., LLC v LeSchack & Grodensky, P.C., 100 AD3d at 722; Atkins & O’Brien v ISS Intl. Serv. Sys., 252 AD2d 446, 447-448 [1st Dept 1998]).
Nevertheless, the central issue in LeSchack & Grodensky’s action is whether National Grid terminated the law firm for cause. The question of termination for cause will turn upon not only the firm’s prospective ability to perform the legal services contract, but also whether it committed ethical violations. These issues fall within the broad inherent powers of the court to supervise the legal profession (Matter of Weekes, 19 AD3d 931 *982 [3d Dept 2005]). Thus, they are not appropriate for jury determination. The court concludes that National Grid does not have a right to trial by jury with respect to LeSchack & Grodensky’s action. Plaintiffs LeSchack & Grodensky, EC. and Maurice Grodensky’s motion to withdraw their jury demand with respect to index No. 18172/10 is granted.