Matter of Weekes (2019 NY Slip Op 06564)





Matter of Weekes


2019 NY Slip Op 06564


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

PM-132-19

[*1]In the Matter of Oscar W. Weekes Jr., a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Oscar W. Weekes Jr., Respondent. (Attorney Registration No. 4045027)

Calendar Date: August 12, 2019

Before: Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Copps DiPaola Silverman, PLLC, Albany (Anne Reynolds Copps of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2002, after previously being admitted in Massachusetts in 1988. As of October 2006, he listed a Florida business address with the Office of Court Administration.

 By June 2007 order, the Massachusetts Supreme Judicial Court for Suffolk County indefinitely suspended respondent from the practice of law in that state, upon his consent, based upon, among other things, his admitted fraudulent misappropriation of his employer's funds for his personal use. In October 2007, this Court imposed discipline upon respondent as a consequence of his Massachusetts misconduct and suspended him indefinitely from the practice of law in this state (44 AD3d 1154 [2007]; see also 19 AD3d 931 [2005]).[FN1] This Court's order of suspension specifically directed that any future reinstatement application to this Court by respondent shall "include proof of respondent's reinstatement to practice in Massachusetts" (44 AD3d at 1155). Although respondent sought reinstatement in Massachusetts in 2015, that application was denied and his suspension in that state remains extant. Respondent now seeks his reinstatement in New York by motion made returnable August 12, 2019. Petitioner opposes the motion.[FN2]
Although we are mindful that petitioner has identified several areas of concern related to the underlying merits of respondent's application, it is unnecessary to presently consider these issues because respondent's application is facially deficient in several ways. Respondent's motion papers do not include proof of his reinstatement in Massachusetts or evidence that he has taken and passed the Multistate Professional Responsibility Examination within one year of the filing of the subject reinstatement application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see generally Matter of Jing Tan, 164 AD3d 1515, 1518 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Further, respondent is seriously delinquent in his New York attorney registration requirements, having failed to timely register for the last six biennial periods, beginning in 2008 (see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1), a circumstance that in and of itself renders respondent subject to potential disciplinary action (see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).[FN3] For these threshold reasons, respondent's motion for reinstatement must be denied.
Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.



Footnotes

Footnote 1: In October 2008, the District of Columbia Court of Appeals suspended respondent for five years as the result of the discipline imposed in Massachusetts, and his suspension in that jurisdiction continues to date.


Footnote 2: Finding no open claims against respondent, the Lawyers' Fund for Client Protection advises, in a May 2019 correspondence, that it defers to the discretion of the Court regarding respondent's reinstatement.

Footnote 3: Notably, respondent's obligation to register was not obviated by his current suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1706-1707 [2019]).